IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>   Christopher St. Paul Foote | : Bankruptcy No. 14-10612-AMC<br>: Chapter 13 |
| The Bank of New York Mellon (f/k/a The Bank of New York), successor to JPMorgan Chase Bank, N.A., in trust for registered holders of Bear Stearns Asset Backed Securities 2006-2, Asset-Backed Certificates, Series 2006-2 c/o Select Portfolio Servicing, Inc.<br><br>                  Movant<br><br>vs.<br><br>Christopher St. Paul Foote<br><br>                  Debtors/Respondents<br><br>and<br><br>William C. Miller, Esquire<br>                  Trustee/Respondent | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

**CONSENT ORDER / STIPULATION AGREEMENT**

AND NOW, upon the Motion of The Bank of New York Mellon (f/k/a The Bank of New York), successor to JPMorgan Chase Bank, N.A., in trust for registered holders of Bear Stearns Asset Backed Securities 2006-2, Asset-Backed Certificates, Series 2006-2 c/o Select Portfolio Servicing, Inc. ("Creditor" or "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 6409 Woodcrest Avenue, Philadelphia, Pennsylvania 19151 (the "Property"), it is hereby agreed as follows:

1. Christopher St. Paul Foote ("Debtor") acknowledges that he is due for the following post-petition regular monthly mortgage payments from 08/01/2017 as follows:

| | |
|---|---:|
| Payment (08/01/17 @ *$769.89/monthly*)................... | $    769.89 |
| Payment (09/01/17 – 01/01/18 @ *$764.63/monthly*)......... | $ 3,823.15 |
| Suspense ................................................................ | $  ($563.63) |
| Arrears ("Total Arrears") ............................................. | $ **4,029.41** |

2. Debtor shall cure the Arrears as set forth above in the following manner:

    a. Roll the **$4,029.41** balance of the Total Arrears into and pay it through the Debtor's Chapter 13 Plan of Reorganization in order to cure this portion of the Total Arrears in addition to the current arrearage amount on Movant's Proof of Claim. Debtor's attorney shall file a Motion to Modify the Confirmed Plan within seven (7) days of the entry and Court approval of this Stipulation.

3. Debtor shall make the regular monthly payments required to the Trustee.

4. Debtor agrees to continue making the regular post-petition monthly mortgage payments to Creditor in the amount of **$769.89** (or as may be adjusted from time to time, as per standard escrow practices), commencing with the **02/01/18** payment and monthly for every payment thereafter.

5. Debtor shall send all payments due directly to Creditor at the address below:

**Select Portfolio Servicing, Inc.**
**P.O. Box 65450**
**Salk Lake City, UT 84165**

**Select Portfolio Servicing's** loan #xxxxxx3670 must appear on each payment made hereinafter.

6. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, or fails to modify her plan as per paragraph 2 a., above, Creditor and/or Counsel may give Debtor's and Debtor's counsel notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Debtor's counsel, Creditor shall immediately have relief from the bankruptcy stay.

7. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

8. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

9. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within ten (10) days from the date the case is converted. If Debtor fails to make payment in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

10. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtor's Counsel represents that the Debtors are familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____  
Danielle Boyle-Ebersole, Esquire  
Counsel for Creditor  

Date: 1/22/18

/s/ Georgette Miller, Esquire  
_____  
Georgette Miller, Esquire  
Counsel for Debtor  

Date: _____

_____  
William C. Miller, Esquire  
Trustee    JACK MILLER  
Date: F-22-18    NO objection

And Now, this __30th__ day of __January__, 2018, it is hereby ORDERED that this Stipulation between the parties is approved.

_____  
Honorable Ashely M. Chan  
U.S. Bankruptcy Judge